UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMES KIRK,

      Petitioner,

-v-

JOHN BURGE, et al.,

      Respondent.
----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 0 6 2009
```

No. 07 Civ. 7467 (LTS)(GWG)

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### ORDER ADOPTING REPORT AND RECOMMENDATION

      Petitioner James Kirk ("Petitioner") brings this habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County for two counts of robbery in the first degree, one count of robbery in the second degree, one count of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the third degree. Petitioner asserts five claims for habeas relief: (1) that he was denied his constitutional right to speedy trial; (2) that his Fourth Amendment rights were violated when he was denied a Mapp/Dunaway hearing; (3) that the admission of identification testimony was unduly suggestive; (4) that the trial court erred in responding to a jury note outside of the presence of petitioner or his counsel; and (5) that his twenty-five-year sentence is excessive. Petitioner also moves to amend his Petition to add a new claim for ineffective assistance of counsel.

      On February 24, 2009, Magistrate Judge Gorenstein issued a Report and Recommendation (the "Report"), recommending that the Petition be denied. The Court has considered thoroughly all of the parties' submissions, including letters from the Petitioner, who is represented by counsel, that were submitted pro se. For the following reasons, the Court adopts Judge

Copies mailed/faxed to MK Kirton
Chambers of Judge Swain  8-6-09

Gorenstein's recommended conclusion and denies the petition for a writ of habeas corpus.

The factual and procedural background of this matter are described in detail in the Report, familiarity with which is presumed.

In reviewing a Report and Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(c) (West Supp. 2006). To accept the Report of a magistrate judge to which no timely objection has been made, a district court "need only satisfy itself that there is no clear error on the face of the record." Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001); see also Bryant v. New York State Dep't of Corr. Servs., 146 F. Supp. 2d 422, 424-45 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous"). The Court is required to make a de novo determination as to those aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp., 00 Civ. 7552, 2002 WL 31886040, at *1 (S.D.N.Y. 2002); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Chabrier v. Leonardo, No. 90 Civ. 0173, 1991 WL 44838, at *1 (S.D.N.Y. Mar. 26, 1991); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-82.

Petitioner's counsel timely submitted objections to the Report. Petitioner objects to Judge Gorenstein's conclusion that his constitutional speedy trial claim is procedurally barred

and is thus ineligible for habeas review, contending that Petitioner would suffer a "fundamental miscarriage of justice" if the Court fails to consider the merits of this claim. However, as Judge Gorenstein noted in the Report, "[in] the case of procedural default (including where an exhausted claim no longer can proceed in state court), we may reach the merits of the claim only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." (The Report at 11) (internal quotation marks and citation omitted). Since "[t]he term 'miscarriage of justice' in this context necessarily includes 'actual innocence' of the petitioner," Gibson v. Phillips, 263 Fed. Appx. 78, 80 (2d. Cir. 2008), this objection simply restates an argument that Judge Gorenstein considered in recommending that the Petition be dismissed. Petitioner's remaining objections likewise simply reiterate the arguments that Petitioner made to Judge Gorenstein in support of the Petition.[1]  Therefore, the Court applies a clear error standard of review.

The Court has reviewed Judge Gorenstein's comprehensive and well-reasoned Report thoroughly and finds no clear error. Accordingly, the Court adopts Judge Gorenstein's Report and Recommendation in its entirety. For the reasons stated in the Report, the Petition is denied. Petitioner's motion to amend is also denied, for the reasons stated in Judge Gorenstein's Report.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealibility." 28 U.S.C.A § 253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255,

---

[1]     The district court decision in Brisco v. Phillips, 376 F. Supp. 2d 306 (E.D.N.Y. 2005), on which Petitioner relies in reasserting his argument that the "showup" identification procedure was unduly suggestive was reversed by the Second Circuit in Brisco v. Ercole, 565 F.3d 80 (2d Cir. 2009). Moreover, the Court finds that the Report sufficiently distinguished Brisco from the instant case on its facts.

259-60 (2d. Cir. 1997) (discussing the standard for issuing a certificate of appealibility).  The Court

finds that Petitioner will not be able to sustain this burden.  Thus, the Court declines to issue a

certificate of appealibility.

                The Clerk of Court is respectfully requested to enter judgment dismissing the

Petition and close this case.

        SO ORDERED.

Dated: New York, New York
       August 6, 2009

                                 LAURA TAYLOR SWAIN
                                 United States District Judge